IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEVEN RAY WOOD                                                                                  PETITIONER

v.                                              4:24-cv-00687-BRW-JJV

DEXTER PAYNE, Director,
Arkansas Department of Correction                                                        RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

I.   INTRODUCTION

Petitioner Steven Ray Wood entered a negotiated plea of guilty to one count of first-degree murder and was sentenced as a habitual offender to twenty-six years' imprisonment, followed by ten years' suspended imposition of sentence, in the Circuit Court of Pope County, Arkansas. *See State of Arkansas v. Steven Ray Wood*, No. 58CR-21-1044, https://caseinfo.arcourts.gov. Now an inmate at the Varner Unit of the Arkansas Division of Correction ("ADC"), he has filed a *pro se* pleading on the form to be used by prisoners in filing a complaint under the Civil Rights Act, 42 U.S.C. § 1983. (Doc No. 2.) Referencing his conviction from the Pope County Circuit Court, Mr.

Wood alleges the ADC's "Sentencing Administration" improperly enhanced his sentence without court authority and without notice to him of "any kind of out-of-state after former convictions being used." (*Id*. at 3.) For relief, he asks for "any and all enhancements" to be "removed" from his sentence. (*Id*. at 4.) I understand this to mean he believes he should not have been sentenced as a habitual offender.

Given Mr. Wood's request for an earlier release from imprisonment, the complaint was recharacterized as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-99 (1973) (the traditional function of the writ of habeas corpus is to secure release from illegal custody, while a § 1983 claim is the proper course for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"). In accordance with *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014), I granted Mr. Wood an opportunity to consent to the conversion of his pleading. (Doc. No. 4.) Mr. Wood has filed a responsive pleading that does not explicitly describe his petition as one for habeas corpus; however, it is clear from the context that a writ of habeas corpus is the relief he seeks. (Doc. No. 7.) Accordingly, the Court treats the complaint as a Petition for Writ of Habeas Corpus under § 2254.

I have conducted a preliminary review of Mr. Wood's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed as time-barred.

II.     ANALYSIS

Mr. Wood's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The judgment in Mr. Wood's case was entered on October 12, 2022, and he did not file a direct appeal. Therefore, under § 2244(d)(1)(A), the limitation period began to run on November 11, 2022, thirty days after the judgment was entered. *See* Ark. R. App. Proc.-Crim. 2(a) (notice of appeal must be filed within thirty days from date of entry of judgment). Absent any statutory or equitable tolling, the limitation period would have expired on November 11, 2023. Mr. Wood did not file his Petition until August 12, 2024. (Doc. No. 2.)

My review of state court records shows that Mr. Wood filed a motion to withdraw his guilty plea on January 23, 2023, which arguably would have tolled the time under § 2244(d)(2). However, that motion was denied on March 23, 2023, so the time was only tolled for two months. Moreover, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently

and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Wood has not made either showing. For these reasons, Mr. Wood's Petition, filed twenty-one months after the commencement of the one-year limitation period, is time-barred.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Wood is not entitled to relief, dismissal is appropriate.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.  The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2.  No certificate of appealability be issued.

DATED this 11th day of September 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE